### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MARK VAN DE MAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-389 |
| vs. ) | |
| ) | |
| CREDIT BUREAU COLLECTION ) | |
| SERVICES, INC. d/b/a CBCS, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARK VAN DE MAR, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, CREDIT BUREAU COLLECTION SERVICES, INC. d/b/a CBCS, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Maple Heights, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Ohio which has its principal place of business in Columbus, Ohio.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about November of 2011 in attempts to collect the aforementioned alleged debt.

9. Defendant's agents, representatives and/or employees placed telephone calls to Plaintiff's place of employment in attempts to collect the alleged debt. Defendant's agents, representatives and/or employees continued to call Plaintiff at his place of employment even

after Plaintiff advised the callers that his employer did not permit calls of a personal nature while Plaintiff was working.

10. On at least one occasion, Defendant's agent, representative and/or employee called Plaintiff's place of employment and left a message on the general voice mailbox, identifying the name of the Defendant company without having been requested to do so. In addition, Defendant's agents, representatives and/or employees disclosed during said voice message that they were attempting to collect an alleged debt from Plaintiff.

11. Defendant's agents, representatives and/or employees had no reason to place telephone calls to Plaintiff's place of employment, as Defendant already was in possession of valid contact information for the Plaintiff himself.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Identifying the name of Defendant's company while communicating with a person other Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

      d.      Communicating with Plaintiff at his place of employment after he advised Defendant that his employer prohibited him from receiving such phone calls while he is working, in violation of 15 U.S.C. § 1692c(a)(3); and

      e.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARK VAN DE MAR, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

14. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

16. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

17. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

18. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

19. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

20. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, MARK VAN DE MAR, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $200.00 for each violation of the OCSPA;
   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and
   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com